KAHN, J.
The issue in this automobile accident case is whether Bussie Evans can be held vicariously liable in tort.to appellants under Florida’s common law dangerous in-strumentalities doctrine. Andrew Dykes gained possession of an automobile after Bussie Evans told Dykes that he could have the car if he would remove it from Evans’ driveway. In furtherance of this, Evans left the keys, the owner’s manual, the certificate of title, and the registration in the car. Dykes in fact took possession of the car and removed it. Evans immediately cancelled the automobile insurance covering the car. Several days later, Dykes was involved in the accident that gave rise to this suit. Evans never signed the automobile title over to Dykes. On these facts, the trial court granted summary judgment in favor of appellee Evans, and we affirm.
Vicarious liability under the dangerous instrumentalities doctrine will not be imposed upon the holder of mere naked title, where such holder has no beneficial ownership or authority over the use of the vehicle. See Palmer v. R.S. Evans, Jacksonville, Inc., 81 So.2d 635 (Fla.1955). Generally, under Florida’s dangerous in-strumentalities doctrine, an owner who gives authority to another to operate the owner’s vehicle, by either express or implied consent, has a non-delegable obligation to ensure that the vehicle is operated safely. See Hertz Corp. v. Jackson, 617 So.2d 1051 (Fla.1993). Nevertheless, the Florida Supreme Court has long recognized “a narrow exception for the legal title owner to escape vicarious liability ... where the holder ... is able to demonstrate the absence of beneficial ownership of the vehicle.” Aurbach v. Gallina, 753 So.2d 60, 63 (Fla.2000); accord Palmer, 81 So.2d at 637. Relying upon Palmer, the Fourth District refused to extend vicarious liability to the naked titleholder, where the titleholder had complied with the law of sales as codified in the Uniform Commercial Code in transferring a car to a buyer. See Palm Beach Auto Brokers, Inc. v. DeCarlo, 620 So.2d 250 (Fla. 4th DCA 1993).
Here, the undisputed facts of record show a gift from Evans to Dykes. Evans’ act of cancelling the automobile insurance *917 is completely consistent with such a conclusion. The record bears out that Dykes simply had not yet followed through with completing the paperwork for the transfer of title. Accordingly, the trial court correctly ruled that the gift was complete, and that Evans’ failure to complete the transfer of title could not, standing alone, support a finding of vicarious liability.
AFFIRMED.
WOLF and BENTON, JJ., concur.